**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| STATE OF FLORIDA,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA and ERIC H. HOLDER, JR., in his official capacity as Attorney General of the United States,<br><br>    Defendants,<br><br>v.<br><br>KENNETH SULLIVAN, *et. al.*,<br><br>    Defendant-Intervenors | Civil No. 1:11-cv-01428-CKK-MG-ESH |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' STATEMENT
OF UNCONTESTED MATERIAL FACTS**

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 7(h)(1), Plaintiff State of Florida ("Florida") submits the following responses to Defendants' Statement of Uncontested Material Facts (Dkt. 123-2):

1. Although not disputed as to the facts, Florida disputes that this paragraph states facts that are material to the issues to be decided on summary judgment.

2. Although not disputed as to the facts, Florida disputes that this paragraph states facts that are material to the issues to be decided on summary judgment.

3. Although not disputed as to the facts, Florida disputes that this paragraph states facts that are material to the issues to be decided on summary judgment.

1

4. Although not disputed as to the facts, Florida disputes that this paragraph states facts that are material to the issues to be decided on summary judgment.

5. Although not disputed as to the facts, Florida disputes that this paragraph states facts that are material to the issues to be decided on summary judgment.

6. Florida disputes Defendants' characterization of the cited data. Those data speak for themselves. Florida disputes that this paragraph states facts that are material to the issues to be decided on summary judgment.

7. Disputed. Florida is not a covered jurisdiction. Florida's Proposed Findings of Fact and Conclusions of Law (PFF ¶ 1) (Dkt. 91) (April 16, 2012). Florida disputes that its history is material to the issues to be decided on summary judgment.

8. Although not disputed as to the facts, Florida disputes that this paragraph states facts that are material to the issues to be decided on summary judgment.

9. Although not disputed as to the facts, Florida disputes that this paragraph states facts that are material to the issues to be decided on summary judgment.

10. Although not disputed as to the facts, Florida disputes that this paragraph states facts that are material to the issues to be decided on summary judgment.

11. Although not disputed as to the facts, Florida disputes that this paragraph states facts that are material to the issues to be decided on summary judgment.

12. Although not disputed as to the facts, Florida disputes that this paragraph states facts that are material to the issues to be decided on summary judgment.

13. Although not disputed as to the facts, Florida disputes that this paragraph states facts that are material to the issues to be decided on summary judgment.

14. Although not disputed as to the facts, Florida disputes that this paragraph states facts that are material to the issues to be decided on summary judgment.

15. Florida does not dispute that the Department of Justice has received at least 988 submissions for review involving Florida or its covered counties. The remainder of the paragraph characterizes the Attorney General's approach to reviewing Section 5 preclearance submissions. Florida has no means of verifying the accuracy of that statement. Florida disputes that this paragraph states facts that are material to the issues to be decided on summary judgment.

16. Although not disputed as to the facts, Florida disputes that this paragraph states facts that are material to the issues to be decided on summary judgment.

17. Although not disputed as to the facts, Florida disputes that this paragraph states facts that are material to the issues to be decided on summary judgment.

18. Although not disputed as to the facts, Florida disputes that this paragraph states facts that are material to the issues to be decided on summary judgment.

19. Although not disputed as to the facts, Florida disputes that this paragraph states facts that are material to the issues to be decided on summary judgment.

20. Paragraph 20 characterizes the Attorney General's approach to reviewing Section 5 preclearance submissions. Florida disputes that this paragraph states facts that are material to the issues to be decided on summary judgment. Florida has no means of verifying its accuracy. This paragraph is therefore not admitted.

21. Paragraph 21 characterizes the Attorney General's Section 5 policies and regulations. Florida disputes that this paragraph states facts that are material to the issues to be decided on summary judgment. Florida has no means of verifying the accuracy of any characterizations of federal preclearance policy. The contents of the cited federal regulations and Federal Register notices speak for themselves. This paragraph is therefore not admitted.

22. Paragraph 22 notes the existence of a website and characterizes its contents. Florida disputes that this paragraph states facts that are material to the issues to be decided on summary judgment. The existence and content of the website speak for themselves. This paragraph is therefore not admitted.

23. Paragraph 23 notes the existence of a toll-free telephone number and characterizes its usefulness. Florida disputes that this paragraph states facts that are material to the issues to be decided on summary judgment. Florida has no means of verifying the accuracy of the characterization of the toll-free number. This paragraph is therefore not admitted.

24. Paragraph 24 characterizes 28 C.F.R. § 51.34 and the Attorney General's approach to reviewing Section 5 preclearance submissions. Florida disputes that this paragraph states facts that are material to the issues to be decided on summary judgment. Florida has no means of verifying the accuracy of the Attorney General's characterizations of policy. This paragraph is therefore not admitted.

25. Florida disputes that this paragraph states facts that are material to the issues to be decided on summary judgment.

26. Paragraph 26 characterizes the Attorney General's approach to reviewing Section 5 preclearance submissions. Florida disputes that this paragraph states facts that are material to the issues to be decided on summary judgment. Florida has no means of verifying the accuracy of the Attorney General's characterizations of policy. This paragraph is therefore not admitted.

27. Paragraph 27 notes that certain information can be submitted to the Attorney General via email. Florida disputes that this paragraph states facts that are material to the issues to be decided on summary judgment. This paragraph is therefore not admitted.

28. Paragraph 28 characterizes a provision of the Voting Rights Act concerning "bailout." The best evidence of that provision's contents is the provision itself. Florida disputes that this paragraph states facts that are material to the issues to be decided on summary judgment.

29. Paragraph 29 characterizes a provision of the Voting Rights Act concerning "bailout." The best evidence of that provision's contents is the provision itself. Florida disputes that this paragraph states facts that are material to the issues to be decided on summary judgment.

30. Paragraph 30 characterizes a provision of the Voting Rights Act concerning "bailout." The best evidence of that provision's contents is the provision itself. Florida disputes that this paragraph states facts that are material to the issues to be decided on summary judgment.

31. Paragraph 31 characterizes a provision of the Voting Rights Act concerning "bailout." The best evidence of that provision's contents is the provision itself. Florida disputes that this paragraph states facts that are material to the issues to be decided on summary judgment.

32. Paragraph 32 characterizes a provision of the Voting Rights Act concerning "bailout." The best evidence of that provision's contents is the provision itself. Florida disputes that this paragraph states facts that are material to the issues to be decided on summary judgment.

33. Paragraph 33 characterizes a provision of the Voting Rights Act concerning "bailout." The best evidence of that provision's contents is the provision itself. Florida disputes that this paragraph states facts that are material to the issues to be decided on summary judgment.

34. Paragraph 34 characterizes a provision of the Voting Rights Act concerning "bailout." The best evidence of that provision's contents is the provision itself. Florida disputes that this paragraph states facts that are material to the issues to be decided on summary judgment.

35. Paragraph 35 characterizes a provision of the Voting Rights Act concerning "bailout." The best evidence of that provision's contents is the provision itself. Florida disputes that this paragraph states facts that are material to the issues to be decided on summary judgment.

36. Paragraph 36 characterizes a provision of the Voting Rights Act concerning "bailout." The best evidence of that provision's contents is the provision itself.

Florida disputes that this paragraph states facts that are material to the issues to be decided on summary judgment.

37. Paragraph 37 characterizes a provision of the Voting Rights Act concerning "bailout." The best evidence of that provision's contents is the provision itself. Florida disputes that this paragraph states facts that are material to the issues to be decided on summary judgment.

38. Paragraph 38 characterizes a provision of the Voting Rights Act concerning "bailout." The best evidence of that provision's contents is the provision itself. Florida disputes that this paragraph states facts that are material to the issues to be decided on summary judgment.

39. Paragraph 39 characterizes a provision of the Voting Rights Act concerning "bailout." The best evidence of that provision's contents is the provision itself. Florida disputes that this paragraph states facts that are material to the issues to be decided on summary judgment.

40. Although not disputed as to the facts, Florida disputes that this paragraph states facts that are material to the issues to be decided on summary judgment.

41. Paragraph 41 characterizes the Attorney General's approach to reviewing "bailout" requests. Florida has no means of verifying the accuracy of the stated approach. Florida disputes that this paragraph states facts that are material to the issues to be decided on summary judgment.

42. Paragraph 42 characterizes the Attorney General's approach to reviewing "bailout" requests. Florida has no means of verifying the accuracy of the stated

approach. Florida disputes that this paragraph states facts that are material to the issues to be decided on summary judgment.

43. Although not disputed as to the facts, Florida disputes that this paragraph states facts that are material to the issues to be decided on summary judgment.

44. Although not disputed as to the facts, Florida disputes that this paragraph states facts that are material to the issues to be decided on summary judgment.

45. Although not disputed as to the facts, Florida disputes that this paragraph states facts that are material to the issues to be decided on summary judgment.

46. Although not disputed as to the facts, Florida disputes that this paragraph states facts that are material to the issues to be decided on summary judgment.

47. Although not disputed as to the facts, Florida disputes that this paragraph states facts that are material to the issues to be decided on summary judgment.

48. Although not disputed as to the facts, Florida disputes that this paragraph states facts that are material to the issues to be decided on summary judgment.

49. Although not disputed as to the facts, Florida disputes that this paragraph states facts that are material to the issues to be decided on summary judgment.

50. Although not disputed as to the facts, Florida disputes that this paragraph states facts that are material to the issues to be decided on summary judgment.

51. Although not disputed as to the facts, Florida disputes that this paragraph states facts that are material to the issues to be decided on summary judgment.

52. Disputed. The correct figures—those presented to Congress—are reflected in Table 5, attached to Florida's Reply in Support of its Motion for Summary Judgment.

53. Although not disputed as to the facts, Florida disputes that this paragraph states facts that are material to the issues to be decided on summary judgment.

54. Although not disputed as to the facts, Florida disputes that this paragraph states facts that are material to the issues to be decided on summary judgment.

55. Although not disputed as to the facts, Florida disputes that this paragraph states facts that are material to the issues to be decided on summary judgment.

56. Although not disputed as to the facts, Florida disputes that this paragraph states facts that are material to the issues to be decided on summary judgment.

57. Although not disputed as to the facts, Florida disputes that this paragraph states facts that are material to the issues to be decided on summary judgment.

58. Although not disputed as to the facts, Florida disputes that this paragraph states facts that are material to the issues to be decided on summary judgment.

59. Although not disputed as to the facts, Florida disputes that this paragraph states facts that are material to the issues to be decided on summary judgment.

60. Although not disputed as to the facts, Florida disputes that this paragraph states facts that are material to the issues to be decided on summary judgment.

61. Although not disputed as to the facts, Florida disputes that this paragraph states facts that are material to the issues to be decided on summary judgment.

62. Florida does not dispute that the cited studies and reports were before Congress. Those studies and reports speak for themselves. Florida disputes that the final Katz study was before Congress, as it was not completed until after passage of the VRARAA. Florida disputes that this paragraph states facts that are material to the issues to be decided on summary judgment.

63. Paragraph 63 consists of characterizations of statements made by Department of Justice employee Dr. Peyton McCrary in a declaration submitted in support of the Attorney General's motion for summary judgment in this action. Dr. McCrary's statements concern his analysis of studies entered into the legislative record as part of the 2006 reauthorization of Section 5 as well as an analysis he performed independently subsequent to the 2006 reauthorization. Florida has not independently verified the accuracy of the Attorney General's representation of the legislative record. Florida refers the Court to the legislative record itself as the best evidence of its contents. Dr. McCrary's analysis was not part of the legislative record before Congress, and those studies speak for themselves. Florida disputes that this paragraph states facts material to the issues to be decided on summary judgment.

64. Paragraph 64 consists of characterizations of statements made by Department of Justice employee Dr. Peyton McCrary in a declaration submitted in support of the Attorney General's motion for summary judgment in this action. Dr. McCrary's statements concern his analysis of studies entered into the legislative record as part of the 2006 reauthorization of Section 5 as well as an analysis he performed

independently subsequent to the 2006 reauthorization. Florida has not independently verified the accuracy of the Attorney General's representation of the legislative record. Florida refers the Court to the legislative record itself as the best evidence of its contents. Dr. McCrary's analysis was not part of the legislative record before Congress, and those studies speak for themselves. Florida disputes that this paragraph states facts material to the issues to be decided on summary judgment.

65. Paragraph 65 consists of characterizations of statements made by Department of Justice employee Dr. Peyton McCrary in a declaration submitted in support of the Attorney General's motion for summary judgment in this action. Dr. McCrary's statements concern his analysis of studies entered into the legislative record as part of the 2006 reauthorization of Section 5 as well as an analysis he performed independently subsequent to the 2006 reauthorization. Florida has not independently verified the accuracy of the Attorney General's representation of the legislative record. Florida refers the Court to the legislative record itself as the best evidence of its contents. Dr. McCrary's analysis was not part of the legislative record before Congress, and those studies speak for themselves. Florida disputes that this paragraph states facts material to the issues to be decided on summary judgment.

66. Paragraph 66 consists of characterizations of statements made by Department of Justice employee Dr. Peyton McCrary in a declaration submitted in support of the Attorney General's motion for summary judgment in this action. Dr. McCrary's

11

statements concern his analysis of studies entered into the legislative record as part of the 2006 reauthorization of Section 5 as well as an analysis he performed independently subsequent to the 2006 reauthorization. Florida has not independently verified the accuracy of the Attorney General's representation of the legislative record. Florida refers the Court to the legislative record itself as the best evidence of its contents. Dr. McCrary's analysis was not part of the legislative record before Congress, and those studies speak for themselves. Florida disputes that this paragraph states facts material to the issues to be decided on summary judgment.

67. Paragraph 67 consists of characterizations of statements made by Department of Justice employee Dr. Peyton McCrary in a declaration submitted in support of the Attorney General's motion for summary judgment in this action. Dr. McCrary's statements concern his analysis of studies entered into the legislative record as part of the 2006 reauthorization of Section 5 as well as an analysis he performed independently subsequent to the 2006 reauthorization. Florida has not independently verified the accuracy of the Attorney General's representation of the legislative record. Florida refers the Court to the legislative record itself as the best evidence of its contents. Dr. McCrary's analysis was not part of the legislative record before Congress, and those studies speak for themselves. Florida disputes that this paragraph states facts material to the issues to be decided on summary judgment.

68. Paragraph 68 consists of characterizations of statements made by Department of Justice employee Dr. Peyton McCrary in a declaration submitted in support of the Attorney General's motion for summary judgment in this action. Dr. McCrary's statements concern his analysis of studies entered into the legislative record as part of the 2006 reauthorization of Section 5 as well as an analysis he performed independently subsequent to the 2006 reauthorization. Florida has not independently verified the accuracy of the Attorney General's representation of the legislative record. Florida refers the Court to the legislative record itself as the best evidence of its contents. Dr. McCrary's analysis was not part of the legislative record before Congress, and those studies speak for themselves. Florida disputes that this paragraph states facts material to the issues to be decided on summary judgment.

69. Paragraph 69 consists of characterizations of statements made by Department of Justice employee Dr. Peyton McCrary in a declaration submitted in support of the Attorney General's motion for summary judgment in this action. Dr. McCrary's statements concern his analysis of studies entered into the legislative record as part of the 2006 reauthorization of Section 5 as well as an analysis he performed independently subsequent to the 2006 reauthorization. Florida has not independently verified the accuracy of the Attorney General's representation of the legislative record. Florida refers the Court to the legislative record itself as the best evidence of its contents. Dr. McCrary's analysis was not part of the legislative record before Congress, and those studies speak for themselves.

Florida disputes that this paragraph states facts material to the issues to be decided on summary judgment.

Respectfully submitted,

/s/ William S. Consovoy

| | |
|---|---|
| Daniel E. Nordby | William S. Consovoy* (D.C. Bar 493423) |
| Ashley E. Davis | Brendan J. Morrissey (D.C. Bar 973809) |
| FLORIDA DEPARTMENT OF STATE | J. Michael Connolly  (D.C. Bar 995815) |
| R.A. Gray Building | WILEY REIN LLP |
| 500 S. Bronough Street | 1776 K Street, NW |
| Tallahassee, FL 32399-0250 | Washington, DC  20006 |
| Tel: 850-245-6536 | Tel.: (202) 719-7000 |
| | Fax: (202) 719-7049 |
| Dated: July 9, 2012 | * *Counsel of Record* |